Ismary GOMEZ

v.

**Dr. Maximo Gomez NACER, Appellant.**

No. 15–1932.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Nov. 13, 2015.

Opinion filed: Nov. 18, 2015.

Maximo Gomez Nacer, Union City, NJ,
pro se.

Before: FISHER, JORDAN and
VANASKIE, Circuit Judges.

OPINION *

PER CURIAM.

Pro se appellant Maximo Gomez Nacer
appeals the District Court's order dismissing his complaint for lack of jurisdiction.
We have jurisdiction under 28 U.S.C.
§ 1291 and exercise plenary review over
the District Court's order. *See Anselma
Crossing, L.P. v. U.S. Postal Serv.*, 637
F.3d 238, 239 (3d Cir.2011); *Allah v. Seiv-
erling*, 229 F.3d 220, 223 (3d Cir.2000).[1]
For the reasons set forth below, we will
summarily affirm the District Court's
judgment. *See* 3d Cir. L.A.R. 27.4; 3d
Cir. I.O.P. 10.6.

Nacer initiated this action by filing a
complaint in the District Court in which he
purported to appeal a judgment in his
state divorce case. Nacer stated that he
wished to "provide more resources for [his]
wife and daughter," D.C. dkt. # 1 at pg. 1,
and alleged that his income had been improperly suppressed due to a wide-ranging
conspiracy against him. Nacer sought
$308 million in damages.

The District Court dismissed Nacer's
complaint for lack of jurisdiction.[2] The
Court concluded that the complaint
"fail[ed] to identify diversity amongst the
parties or present a federal question," and
that the domestic relations doctrine barred
the suit. D.C. dkt. # 4 at pg. 1. Nacer filed
a timely notice of appeal to this Court.

We will affirm the District Court's judgment. To the extent that Nacer contends
that the New Jersey Superior Court
harmed him by issuing the divorce decree,
the claim is barred by the *Rooker–Feldman* doctrine. *See D.C. Ct. of App. v.
Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75
L.Ed.2d 206 (1983); *Rooker v. Fid. Trust
Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.
362 (1923). That doctrine deprives federal
courts of subject-matter jurisdiction over
claims when "(1) the federal plaintiff lost
in state court; (2) the plaintiff 'complain[s]

---

\* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. We may affirm on any ground apparent in
the record. *See, e.g., Hughes v. Long*, 242
F.3d 121, 122 n. 1 (3d Cir.2001).

2. Because the District Court docketed Nacer's
complaint without requiring him to pay the
filing fee, we conclude that the Court implicit-
ly granted Nacer's motion to proceed in forma pauperis. *See Oatess v. Sobolevitch*, 914
F.2d 428, 430 n. 1 (3d Cir.1990) ("When a
complaint is accompanied by a motion to
proceed in forma pauperis, rather than by
payment of a filing fee, the complaint is not
docketed, and it is therefore not filed, until
the motion has been granted.").

of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

While this doctrine is "narrow," *id.* at 169, it encompasses at least some aspects of Nacer's complaint. The New Jersey Superior Court issued a judgment in Nacer's divorce case; he argues that he was injured by this judgment; the divorce decree preceded the federal action; and he explicitly asked the District Court to overrule the state-court order. Accordingly, to the extent Nacer challenges the divorce decree, the claim is barred by the *Rooker–Feldman* doctrine. *See generally Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169, 178 (3d Cir.1992) (discussing, with approval, *Hale v. Harney*, 786 F.2d 688 (5th Cir.1986), where the Fifth Circuit applied the *Rooker–Feldman* doctrine in similar circumstances).[3]

Nacer also appears to raise a variety of civil-rights claims, which potentially could be cognizable under 42 U.S.C. § 1983. However, these claims were properly dismissed under 28 U.S.C. § 1915(e)(2). *See generally Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).[4]

---

**3.** Likewise, to the extent that Nacer invokes diversity jurisdiction and seeks to set aside or modify his divorce decree, the domestic-relations doctrine bars his claim. *See Matusow v. Trans–Cnty. Title Agency, LLC*, 545 F.3d 241, 246 (3d Cir.2008).

Accordingly, we will summarily affirm the District Court's judgment.

---

**4.** We are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court did not err in dismissing the complaint without providing leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir.2002).